Matter of State of New York v J. T. (2025 NY Slip Op 02668)

Matter of State of New York v J. T.

2025 NY Slip Op 02668

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Renwick, P.J., Manzanet-Daniels, Higgitt, Rosado, Michael, JJ. 

Index No. 42010/20|Appeal No. 4236-4236A|Case No. 2024-04387|

[*1]In the Matter of State of New York, Petitioner-Respondent,
v
J. T., Respondent-Appellant.

Steven N. Feinman, White Plains, for appellant.
Letitia James, Attorney General, New York (Kartik Naram of counsel), for respondent.

Orders, Supreme Court, Bronx County (Tara A. Collins, J.), entered February 22, 2024, and March 11, 2024, which, upon a jury finding of mental abnormality within the meaning of Mental Hygiene Law § 10.03(i), and a determination made after a dispositional hearing that respondent is a dangerous sex offender requiring confinement, committed respondent to a secure treatment facility, unanimously affirmed, without costs.
Petitioner State of New York proved by clear and convincing evidence that respondent has a mental abnormality as defined by Mental Hygiene Law § 10.03(i), and that he is a dangerous sex offender requiring confinement, rather than a "dangerous but typical recidivist convicted in an ordinary criminal case" (Kansas v Crane, 534 US 407, 413 [2002]; see also Matter of State of New York v Frank P., 126 AD3d 150, 151-152 [1st Dept 2015]). As in Matter of State of New York v David D. (206 AD3d 481, 485 [1st Dept 2022]), we find that the totality of respondent's diagnosed mental abnormalities, coupled with his history of substance abuse, psychopathic traits, lack of remorse or acceptance of his crimes, score on the risk assessment instrument administered, and lack of sex offender treatment and failure to have a viable relapse prevention plan, support the finding that respondent has more than one "condition, disease or disorder" that, together, predispose him to commit sex offenses and which will result in his having serious difficulty in controlling such conduct (Mental Hygiene Law § 10.03 [i]; see Matter of State of New York v Dennis K., 27 NY3d 718, 743 [2016], cert denied 580 US 1023 [2016]; Matter of State of New York v Richard V., 228 AD3d 109, 118 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025